UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: SUBPOENA TO ROBERT WASON

_____

| | |
|---|---|
| LISA T. LEBLANC, <u>ET AL</u>. | MISCELLANEOUS ACTION |
| VERSUS | NUMBER: 21-0773 |
| TEXAS BRINE COMPANY, LLC | SECTION: "A"(5) |

**ORDER ON MOTION**
**MAY 25, 2021**

APPEARANCES:

MOTION:

(1)   Motion to Quash of Robert Wason, Legacy Vulcan, LLC, and Vulcan Materials (Rec. doc. 1).

_____ :   Continued to

_____ :   No opposition.

\_\_\_1\_\_\_ :   Opposition.

**ORDERED**

_____ :   Dismissed as moot.

_____ :   Dismissed for failure of counsel to appear.

\_\_\_1\_\_\_ :   Granted.  It is undisputed that merits discovery has been closed in this matter for many years and that such discovery would have to be re-opened for the subject depositions to take place.  Texas Brine has failed to establish good cause for (1) reopening merits discovery and (2) taking the subject deposition.  Indeed, there appears <u>no</u> cause to take the deposition in this litigation, given the recent judgment in the Louisiana Twenty-Third Judicial District Court finding that the contracts about which Texas Brine seeks to

question the proposed deponent "ceased to exist and have any effect as of March 27, 2008 by operation of confusion," and that any actions for damages by Texas Brine against Legacy Vulcan arising after March 27, 2008 that are based on the contracts are dismissed with prejudice. (Rec. doc. 25-4). Ultimately, it is clear to the Court that Texas Brine seeks to use process in this federal litigation to conduct discovery primarily – if not entirely – for its use in the pending arbitration. The Court declines to allow Texas Brine to end-run the arbitrator's exclusive authority to authorize discovery in that proceeding. *See CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) ("responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do.").

  _____:  Denied.

  _____:  Other.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2